**MORESON v AKRON** (City) et

Common Pleas Court, Summit Co

Decided April 15, 1941

Joseph Maytnier, Akron, for plaintiff,
Harold Mull, Akron, for city of Akron.

## OPINION

By WATTERS, J.

The ordinance in question under §38 of the charter being one of a general nature was required to be published "once within ten days after final passage." It was passed by council December 10, 1940, and by agreed statement of facts not published until December 26, 1940. However §54 of charter gives the mayor ten days to veto. The "after final passage" must refer to within ten days after the mayor approves, or allows it to become a law by failure to veto. To hold otherwise would require the publication in some instances where the mayor might later veto. The words in §38 of charter are "shall be published * * *." The word "shall" makes it mandatory, but as above stated it shall be published once within ten days of final passage, which latter phrase (final passage) should be interpreted as above indicated.

The ordinance in question is entitled "Ordinance No. 391-1940 to regulate signs advertising the sale of petroleum products," and is as follows:

"Be it enacted by the Council of the city of Akron, Ohio:

"Section 1. It shall be unlawful for any person, firm or corporation to sell or offer for sale at any filling station, garage, or other place where gasoline is delivered directly into the fuel supply tank of internal combusion engines in motor vehicles any gasoline unless such seller shall post and keep continuously posted on the individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven inches in height and eight inches in width nor larger than twelve inches in height and twelve inches in width and stating clearly and legibly in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device together with the name, trade name, brand mark or symbol of such gasoline, and if such gasoline is not sold under a trade name, brand, mark or symbol, then the grade or quality classification, if any, of such gasoline shall be stated.

"(a) The amount of federal tax and the amount of any state tax to be collected in connection with the sale of such gasoline shall be separately stated on such sign in figures of the same size and apart from such selling price or prices.

"(b) No sign or placard stating the price or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or maintained on the premises on which the said gasoline is sold or offered for sale.

"Section 2. It shall be unlawful for any person, firm or corporation to sell or offer for sale gasoline at retail in any manner so as to deceive or tend to deceive the purchaser as to the price, nature, quality or identity thereof, or to sell or offer for sale from any pump or dispensing device any gasoline other than that gasoline manufactured or distributed by the manufacturer or distributor marketing such gasoline under the name, trade name, brand, symbol or mark affixed to or contained on such pump or other dispensing device, or to substitute, mix or adulterate gasoline sold or offered for sale under a name, trade name, brand, symbol or mark.

"Section 3. Violations of any of the provisions of this article shall, upon conviction therefor, be punishable by a

fine of not less than ten dollars ($10.00) nor more than One Hundred Dollars ($100.00) and each succeeding day that there is a violation shall be considered a separate offense.

"Section 4. This ordinance shall take effect and be in force from and after the earliest period allowed by law.

"Passed December 10, 1940."

The ordinance, or in reality Section 1 (b) thereof, is attacked on the grounds that it is unconstitutional, in violation of the 14th amendment of the United States Constitution.

There is no complaint raised as to Section One (1) which provides in substance that certain sized signs containing certain information be placed on each pump. This seems to be a reasonable requirement and regulation, but Section 1 (b) provides that "no sign or placard stating the price or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or maintained on the premises on which the said gasoline is sold or offered for sale."

In other words signs as specified must be on the pumps, but nowhere else. This regulation is justified by the city as designed to prevent the use of misleading and deceptive signs.

I can not find that any of the signs pictured are misleading or deceptive. There is no evidence in the record as to what the price really was when the signs were displayed, and the signs themselves are not per se misleading or deceptive.

Council without doubt can legislate against false, misleading or deceptive advertising by any one, but the attempt to accomplish that in this instance by providing, as in paragraph (b) that no signs shall be placed other than upon the pumps, is in the court's opinion wholly unreasonable and in violation of constitutional right.

As stated in Regal Oil Company v State, 10 Atl. 2nd (N. J. Supreme Court) 495, at pages 497 and 498:

"While it is true that a state may, in the exercise of its police power, pass legislation for the purpose of protecting and regulating public health, public safety, public morals, general welfare, including public convenience, or the general prosperity, it is equally true' that this power is not without limitations. The means adopted must be reasonably adapted to the accomplishment of that end, and must not be arbitrary or oppressive. In other words, the legislation must bear a real and substantial relation to the public health, safety, morals, or some other phase of general welfare. Thus a regulation which in effect denies or unreasonably curtails the common right to engage in a lawful business can not be sustained under the 14th amendment."

The court held that a regulation similar to the one here in question was invalid as unconstitutional and not within the power of the state legislature.

Our Supreme Court, in **Jones v Bontempo, 137 Oh St 634, 19 OO 437,** held the legislature of Ohio had no authority to prohibit barbers advertising the price of their various services. To the same effect see State v Danberry, 6 Atlantic Reporter 2nd. 596 (Delaware)' which held similar barber statute unconstitutional.

However the Massachusetts Supreme Court in Slome v Godley, 23 N. E. 2nd 133, upheld legislation similar to that in question here, as did the New York Court of Appeals in People v Arlen Service Stations, 31 N. E. 2nd 184.

What the United States Supreme Court will say when this question eventually gets there in some case we are unable to predict. However for the reasons advanced above I am of the opinion that Section 1 (b) of the ordinance is unconstitutional, and that plaintiff is entitled to the injunctive relief prayed for.

An entry may be drawn accordingly with costs against the defendant city, with exceptions.